RICHARD P. COOPER, PLAINTIFF-RESPONDENT, v. MI-CHAEL R. IMBRIANI, PROSECUTOR OF SOMERSET COUNTY, AND THE COUNTY OF SOMERSET, DEFEND-ANTS-APPELLANTS.

JOSEPH KARKOWSKI, PLAINTIFF-RESPONDENT, v. MI-CHAEL R. IMBRIANI, PROSECUTOR OF SOMERSET COUNTY, AND THE COUNTY OF SOMERSET, DEFEND-ANTS-APPELLANTS.

Superior Court of New Jersey
Appellate Division

Argued January 8, 1973—Decided February 21, 1973.

Before Judges LORA, ALLCORN and BYRNE.

*Mr. William B. Eisart* argued the cause for the appellants.

*Mr. Richard A. Norris* argued the cause for the respondent Richard P. Cooper (*Messrs. Norris, McLaughlin & Trucker,* attorneys).

*Mr. Richard H. Thiele, Jr.* argued the cause for the respondent Joseph Karkowski (*Messrs. Wharton, Stewart & Davis,* attorneys).

*Mr. George F. Kugler, Jr.,* Attorney General, filed a statement in lieu of brief on behalf of the Department of Civil Service.

PER CURIAM. Each of the plaintiffs is a veteran and was appointed a county detective without a fixed term. Consequently, each is entitled to the protection afforded by the Veterans' Tenure Act against discharge, "except for good cause shown after a fair and impartial hearing," *N. J. S. A.* 38:16–1 *et seq.,* absent clear legislative intent to exclude such position from protection under the act. *Brennan v. Byrne,* 31 *N. J.* 333 (1960) ; *Perrella v. Board of Education, Jersey City,* 51 *N. J.* 323 (1968).

All indications here point to an intent to confer tenure protection. By the terms of *N. J. S. A.* 2A:157–2 it is provided that "county detectives . . . shall be in the classified service"—a plain mandate that, in counties adopting civil

service, county detectives were to have tenure. In contrast, section 10 of the same act (*N. J. S. A.* 2A:157–10) stipulates that the "position of county investigator * * * shall be in the unclassified service," and that all such investigators shall "serve at [the] pleasure [of] and subject to removal by" the prosecutor. Indeed, it was this very language and the juxtaposition of it in the two sections of the same act upon which the court relied in its determination that the Legislature intended to exclude county investigators from the protection of the Veterans' Tenure Act in *Brennan v. Byrne*, 31 *N. J.* 333, 336 (1960). *Cf. Bergen County v. Dept. of Civil Service of N. J.*, 115 *N. J. Super.* 90 (App. Div. 1971).

Accordingly, the judgment of the Law Division setting aside the summary dismissal of the plaintiffs is affirmed—without prejudice, however, to the right of the Prosecutor of Somerset County to initiate and to prosecute to a conclusion appropriate disciplinary proceedings against each of the plaintiffs for discharge or lesser penalties, for cause arising prior to the dismissal of each by defendant Imbriani in 1971. In the event that such disciplinary proceedings are commenced against either or both of the plaintiffs within 30 days after the filing date of this opinion, the affected plaintiff or plaintiffs shall not be reinstated or be paid back pay pending ultimate disposition of said disciplinary proceedings; otherwise, plaintiffs shall be unconditionally restored to the respective positions held by each of them at the time of their discharge by defendant Imbriani, and each shall be paid his back pay for the period between his discharge and reinstatement, less appropriate mitigation, plus interest.

BYRNE, J. S. C., Temporarily Assigned (dissenting). The problem here exists because Somerset County has not adopted civil service, as required by *N. J. S. A.* 11:19–2 in order for civil service to apply. I would assume, therefore, that non-veteran county employees in Somerset do not have tenure

and are not protected by any provisions of the Civil Service Act.

The statute covering the appointment of county detectives reads:

2A:157–2. *County detectives generally; appointment; salary; duties*
The prosecutor in each of the several counties of this State may appoint such number of suitable persons, not in excess of the number, and at salaries not less than the minimum amounts, in this chapter provided, to be known as county detectives, to assist the prosecutor in the detection, apprehension, arrest and conviction of offenders against the law. Persons so appointed shall be in the classified service of the civil service and shall possess all the powers and rights and be subject to all the obligations of police officers, constables and special deputy sheriffs in criminal matters.

The reference in that statute to "the classified service" refers to *N. J. S. A.* 11:22–3 *et seq.* where the term is defined. The tenure provisions of classified service are to be found in *N. J. S. A.* 11:22–11.1.

Plaintiff uses reference to classified service to indicate a legislative intent to give tenure. Faced with the absence of civil service in Somerset County, plaintiff turns to the Veterans' Tenure Act, *N. J. S. A.* 38:16–1 *et seq.*, to supply that tenure for such detectives who are veterans.

The application of the Veterans' Tenure Act should be tested by the terms of that act itself and judicial interpretations thereof. The act has consistently been interpreted so as not to grant tenure to persons in confidential positions. Thus, it has been held to apply neither to a county investigator in *Brennan v. Byrne,* 31 *N. J.* 333 (1960), nor to a legal assistant to a prosecutor in *Cetrulo v. Byrne,* 31 *N. J.* 320 (1960).

Without civil service, a detective and an investigator are indistinguishable. Neither is appointed or promoted on the basis of competitive examinations; there is no tenure absent veteran's status, and there is no distinction as to the type of work done. No argument is even made that the job is not a sensitive one. The thrust of *Cetrulo* and *Brennan* would

be to look to the job and not the title in determining whether Veterans' Tenure applies.

Furthermore, the Veterans' Tenure Act was passed for the protection of veterans in certain areas of public employment. It was not passed to assure a continuity in the office of the prosecutor's staff of detectives, as was *N. J. S. A.* 2A:157-2. Thus, plaintiff seeks to use a statute the legislative intent of which is to provide tenure for detectives to bolster his argument that the Veterans' Tenure Act, enacted for the protection of individual veterans, should apply in this situation. Nor is it logical to use the Veterans' Tenure Act to provide continuity to a detective staff only to the extent that the staff is composed of veterans.

The Veterans' Tenure Act cannot supply what is lacking in Somerset County by reason of that county's not having adopted civil service; it should not be strained to cover what it does not fit.

I would reverse.